# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2011

Lyle W. Cayce
Clerk

No. 10-10453
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MENDEZ-RUBI,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-166-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Mendez-Rubi appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it enhanced his sentence based on a finding that his prior conviction for aggravated assault of a peace officer in violation of TEX. PENAL CODE ANN. § 22.02(a)(2)(A) (1991) was a crime of violence under 18 U.S.C. § 16 and, thus, an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and § 1326(b)(2). Because Mendez-Rubi did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not object to the aggravated felony enhancement in the district court, we review for plain error. *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).

A conviction for aggravated assault of a peace officer in violation of § 22.02(a)(2)(A) (1991) does not qualify as a crime of violence under § 16(a) because the use of force was not an element of the offense. *See United States v. Villegas-Hernandez*, 468 F.3d 874, 879, 882 (5th Cir. 2006). However, because we have yet to decide whether such a conviction constitutes a crime of violence under § 16(b) and precedent would have to be extended to compel the result urged by Mendez-Rubi, the alleged error is not clear or obvious. *See United States v. Trejo*, 610 F.3d 308, 319-20 (5th Cir. 2010). Accordingly, the error, if any, is not plain. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.